FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ JUN 26 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARCUS ANTHONY MICOLO,

              Petitioner,

    -against-

ORDER
12-CV-5509

THE STATE OF NEW YORK

              Respondent.
----------------------------------X

APPEARANCES
For Petitioner:    Marcus A. Micolo, pro se
                     03-A-3985
                     Green Haven Correctional Facility
                     P.O. Box 4000
                     Stormville, NY 12582

For Respondents:   No Appearance

SEYBERT, District Judge:

        On October 26, 2012, Petitioner Marcus Anthony Micolo ("Petitioner") filed this in forma pauperis Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"), challenging his 2003 Suffolk County conviction of Robbery in the First Degree. By Order dated January 7, 2013, this Court granted Petitioner's application to proceed in forma pauperis, but dismissed the Petition on the ground that a court may only entertain a writ of habeas corpus pursuant to Section 2241 for federal prisoners. See Micolo v. State of N.Y., No. 12-CV-5509, Ord. Dismissing Pet. at 3, Jan. 7, 2013 (internal citations omitted).

        Now before the Court is Petitioner's motion for reconsideration of the denial of his Section 2241 Petition pursuant

to Fed. R. Civ. P. 60(b), or, alternatively, a motion for this Court to construe the instant Petition as a successive 28 U.S.C. § 2254 petition for a writ of habeas ("Section 2254"), and to transfer the Petition to the Second Circuit Court of Appeals. Because, as explained below, all of the grounds raised in Petitioner's motion have already been addressed either by this Court or by the Second Circuit, Petitioner's motion for reconsideration is DENIED and this Petition will not be transferred to the Second Circuit as successive.

I. Petitioner's Three Habeas Actions

Petitioner has filed three petitions for habeas corpus with this Court. The first, filed on January 30, 2007, pursuant to Section 2254, challenged his state conviction, and was denied in its entirety by a Memorandum and Order dated August 18, 2010. See Micolo v. State of N.Y., No. 07-CV-0449, 2010 WL 3310721 (E.D.N.Y. Aug. 18, 2010). He subsequently sought reconsideration, which this Court denied. Id., Order Den. Recons., Oct. 8, 2010. Petitioner appealed the denial to the Second Circuit, which dismissed his appeal. Id., U.S.C.A. Mandate, Oct. 17, 2011. Petitioner then moved this Court for an order vacating its judgment of dismissal, which the Court denied on August 10, 2012. Id., Mem. Order Den. Mot. Vacate, Aug. 10, 2012.

Petitioner's second attempt at securing habeas relief from this Court was by filing the Petition in this case pursuant to

2

Section 2241 on October 26, 2012. See Micolo v. State of N.Y., No. 07-CV-5509, Pet., Oct. 26, 2012. This Petition was dismissed because, as explained above, a court may only entertain a writ of habeas corpus pursuant to Section 2241 for federal prisoners, and petitioner is a state prisoner. Id., Order Dis. Pet., Jan. 7, 2013. The instant motion for reconsideration followed. Id., Mot. Recons., Jan. 17, 2013.[1]

On November 19, 2012, Petitioner filed a third petition for a writ of habeas corpus, which, like his first attempt, was filed pursuant to Section 2254. See Micolo v. Capra, No. 12-CV-5795, Pet., Nov. 19, 2012. This Court transferred the third petition to the Second Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631. Id., Order Transferring Case, Jan. 4, 2013. By Order dated March 26, 2013, the Second Circuit denied to consider the petition because it did not satisfy the criteria of 28 U.S.C. § 2244(b) for a second or successive petition. Id., U.S.C.A. Mandate, Mar. 26, 2013.

II. Petitioner's Current Motion

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes,

---

[1] In addition to the motion papers, the Court is also in receipt of, and has considered, Petitioner's letter dated June 5, 2013, informing this Court of correspondence between Petitioner and Hon. C. Randall Hinrichs, the District Administrative for Suffolk County, New York. See Micolo v. State of N.Y., No. 07-CV-5509, Docket Entry 19, Oct. 12, 2013.

inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides extraordinary judicial relief that may only be granted upon a showing of exceptional circumstances. Here, Petitioner has not pointed to important matters or controlling decisions that the Court overlooked that would have influenced its prior decision. Nor has he pointed to mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud that would have altered this Court's denial of his Petition. In addition, all of the grounds raised by Petitioner's motion were raised and addressed in previous petitions before this Court and the Second Circuit, and do not satisfy the criteria set forth in 28 U.S.C. § 2244(b) for a second or successive petition.

Petitioner's current motion raises four grounds upon which Petitioner argues that this Court should vacate the decisions made by the state courts and direct the Appellate Division, Second Department to "grant Petitioner a de novo appeal in his criminal case." (Mot. Recons. at 2.) All four grounds have already been addressed and dismissed by this Court or by the Second Circuit. The Court will address each in turn.

Petitioner first argues that his Indictment was jurisdictionally and Constitutionally void because it was "obtained while [he] was completely denied counsel[.]" Id. at 2. He raised this argument before this Court in a Section 2254 petition, Micolo

v. Capra, No. 12-CV-5795, Pet. at 4, which the Court transferred to the Second Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631, and which the Second Circuit denied for not satisfying the criteria set out in 28 U.S.C. § 2244(b).[2]

Petitioner's second and third grounds for relief concern the performance of appellate counsel. The second ground argues that appellate counsel had an "actual conflict of interest" and "couldn't bring the issue that [Petitioner] was denied counsel in the Indictment court due to the Suffolk Co. Legal Aid Society's failure to assign counsel." (Mot. Recons. at 3.) His third ground asserts that appellate counsel was ineffective as a matter of law for failing to raise the issue that appellate counsel had a conflict of interest, and should have requested permission to be relieved as Petitioner's counsel. Id. These issues were raised in Petitioner's first habeas petition and addressed and denied by the Second Circuit's mandate in Micolo v. State of New York, 07-CV-0449, U.S.C.A. Mandate, Oct. 17, 2011. Petitioner raised these same issues again in his third habeas petition before this court, Micolo v. Capra, No. 12-CV-5795, Pet. at 4, which, as explained above, was transferred to, and denied by, the Second Circuit as a

---

[2] Although not raised in his first Section 2254 petition before this Court, the Circuit directly addressed this point in its mandate in Micolo v. State of New York, No. 07-CV-0449, U.S.C.A. Mandate, Oct. 17, 2011, as Petitioner raised the issue on appeal. Petitioner also repeated these arguments in his most recent filing with the Court. See Micolo v. State of N.Y., No. 07-CV-5509, Docket Entry 19.

5

successive petition. See <u>Micolo v. Capra</u>, No. 12-CV-5795, U.S.C.A. Mandate, Mar. 26, 2013.

Petitioner's fourth and final ground for reconsideration asserts that he is actually innocent of Robbery in the First Degree because the evidence only supports an indictment for Robbery in the Second Degree. This is the same sufficiency of evidence argument that Petitioner made in his first habeas petition, <u>see</u> <u>Micolo v. State of New York</u>, No. 07-CV-0449, Pet. at 10, that was addressed by this Court in its decision in that case, <u>id.</u>, 2010 WL 3310721, and that was denied on appeal by the Second Circuit, <u>id.</u>, U.S.C.A. Mandate, Oct. 17, 2011.

## III. Conclusion

Accordingly, Petitioner's motion for reconsideration is DENIED and his Petition will not be transferred to the Circuit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the Petitioner.

SO ORDERED.

/s/ Joanna Seybert

Joanna Seybert, U.S.D.J.

Dated: June 26, 2013
Central Islip, New York